A CERTIFIED TRUE COPY

JUN 19 2002

ATTEST
FOR THE JUDICIAL PANEL OF
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 19 2002

FILED
CLERK'S OFFICE

Civil 02-2924 (AET)

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1471*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE COMPENSATION OF MANAGERIAL, PROFESSIONAL AND TECHNICAL EMPLOYEES ANTITRUST LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ,* JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation consists of the three actions listed on the attached Schedule A and pending in three districts as follows: one action each in the District of New Jersey, the Southern District of New York and the Eastern District of Texas. Defendants Shell Oil Co., ExxonMobil Corp., ATOFINA Petrochemicals, Inc., Chevron Corp., Conoco, Inc., Marathon Oil Co., Occidental Petroleum Corp., Phillips Petroleum Corp., Sunoco Inc. (R&M), Texaco Inc., and Union Oil Co. of California move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the Southern District of New York. Additional defendants supporting centralization in the New York forum are BP America Inc. and Organization Resources Counselors, Inc. Plaintiffs in the New Jersey and New York actions agree that centralization is appropriate but favor selection of the District of New Jersey as transferee district. Plaintiffs in the Texas action oppose transfer, but if the Panel nevertheless orders centralization, then these plaintiffs would support selection of the Eastern District of Texas as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In each of these three overlapping class actions involving the same defendants (and/or their affiliates), plaintiffs allege that defendants violated § 1 of the Sherman Act by first sharing salary information regarding their professional, managerial and technical employees, and then agreeing to use that information to set the salaries of those employees at artificially low levels. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with regard to class certification issues), and conserve the resources of the parties, their counsel and the judiciary.

Given the range of locations of parties and witnesses in this docket, none of the three districts in which constituent actions are pending serves as a predominating nexus for this litigation. Of these three districts, we observe that both the Southern District of New York and the District of New Jersey are accessible, urban districts equipped with the resources that this complex docket is likely to require. In

ENTERED
ON
THE DOCKET

JUN 21 2002

*Judges Selya and Motz took no part in the decision of this matter.

WILLIAM T. WALSH, CLERK
By_____
(Deputy Clerk)

FILED

JUN 20 2002

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

- 2 -

concluding that the District of New Jersey is the appropriate forum for this docket, however, we note that the judge assigned the New Jersey action, unlike the judge in the Southern District of New York action, is not currently burdened with another complex Section 1407 docket.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending in districts other than the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Anne E. Thompson for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman